IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOHNATHON KELLY,<br>　　　　　Defendant. | 1:13-cr-108-WSD-JSA |

## ORDER

This matter is before the Court on Defendant Johnathon Kelly's ("Defendant" or "Kelly") Objections [59] to Magistrate Judge Justin S. Anand's Report and Recommendation ("R&R") [56]. The R&R considers Defendant's Motion to Suppress Evidence (the "Suppression Motion") [28], two Motions to Dismiss the Indictment [18, 25], and Motion for Bill of Particulars [17].

## I. BACKGROUND[1]

In the Suppression Motion, Kelly seeks to suppress a search of his car which occurred after a traffic stop conducted by a Georgia State Trooper. Defendant first contends that there was no probable cause or reasonable suspicion to justify the

---

[1] The facts are set out in more detail in the R&R and, in the absence of an objection, and the Court finding no plain error in them, the facts in the R&R are adopted by the Court.

stop. An initial roadside search of Defendant's car was conducted pursuant to Defendant's consent. A further search was conducted pursuant to a search warrant which was issued based on an affidavit prepared by a Georgia Bureau of Investigation ("GBI") agent (the "GBI Affidavit"). The GBI Affidavit was presented to the Superior Court of Taliaferro County, Georgia, which found probable cause for the further search of Defendant's vehicle. Defendant claims that, because the GBI Affidavit included unreliable information provided by a juvenile who was in Defendant's car when it was stopped, the affidavit was defective and cannot support the probable cause finding upon which the warrant was issued.

A second search warrant was later issued by a Magistrate Judge in this District (the "Federal Warrant"). The warrant application sought to search a cell phone which was seized from Defendant incident to his arrest. The application was supported by an affidavit from a Special Agent of the Federal Bureau of Investigation, and contained information about evidence seized during the consent search of the car and information presented in the GBI Affidavit.

In both Motions to Dismiss, Defendant challenges the Indictment based on a claimed insufficiency of facts alleged.

On September 10, 2013, Magistrate Judge Anand conducted an evidentiary

hearing.  On January 31, 2014, the Magistrate Judge issued his R&R, recommending that the Suppression Motion and Motions to Dismiss be denied.[2]

In his Objections, Defendant first objects to the traffic stop and the evidence seized thereafter.  He conclusorily again contends that the officer who performed the stop did not have probable cause to do so.  He specifically claims that the Magistrate Judge erred in finding probable cause for the stop based on "(a) Defendant's lack of reasoning as to why the trooper would 'pull into the median' to pursue him, (b) and due to the Trooper's 'credible' testimony."  (Objections at 2).

Defendant also objects to the Magistrate Judge's findings and recommendation that Defendant's Second Motion to Dismiss be denied.  He asserts that Count One fails to provide sufficient facts that Defendant engaged in "acts of knowingly recruiting, enticing, harboring etc. as stated in the applicable statute."  (Id. at 2).  He also objects to the recommendation of dismissal on the grounds that "count two . . . fails to state what Mr. Kelly did that constitutes 'knowingly transporting', etc. and the rest of the language of the statute."  (Id.).  In general, Defendant alleges that the Magistrate Judge erred in recommending dismissal of the Second Motion to Dismiss because, Defendant contends, the

---

[2]   The Motion for Bill of Particulars was denied by the Magistrate Judge and that is not a subject of this Court's review, but even if it was, there is no plain error in this decision to deny.

indictment does not allege sufficient facts to apprise Defendant of what he is accused, and thus fails to protect him from double jeopardy.

## II.   STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  <u>Jeffrey S. v. State Bd. of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

## III.   DISCUSSION

### A.   Traffic stop and probable cause

"Under the Fourth Amendment, a decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation

4

occurred, . . . and an officer's motive in making traffic stops does not invalidate what is otherwise objectively justifiable behavior under the Fourth Amendment." United States v. Simmons, 172 F.3d 775, 778 (11th Cir. 1999) (citing Whren v. United States, 517 U.S. 806, 810 (1996)) (internal quotation marks and other citations omitted). "The Fourth Amendment plainly does not prohibit a law enforcement officer from pulling over a motorist for suspected speeding whenever the officer is acting solely on the basis of his visual observation." United States v. Monzon-Gomez, 244 F. App'x 954, 959 (11th Cir. 2007). An officer need only have sufficient cause to believe that a traffic law has been violated, regardless of the officer's subjective motivations. Simmons, 172 F.3d at 778. The issue here is whether there was probable cause to believe a traffic violation had occurred to support the traffic stop.

The traffic stop in this case was conducted by State Trooper Will Grier, who testified at the suppression hearing. There also is in evidence a video of Defendant's vehicle taken by Trooper Grier's dashboard camera for the approximately one and one half minutes before and until the traffic stop occurred.[3] The Court reviewed Trooper Grier's direct and cross-examination at the

---

[3] By the time Trooper Grier crossed the median and was able to travel in the same direction as the Impala, the Defendant and other cars behind him were impeded by tractor trailer trucks occupying the right and left lanes of the interstate.

suppression hearing, and reviewed the video. Trooper Grier's testimony is straightforward, reasonable and corroborated. He testified that he conducts about 150 traffic stops per month and has done so since he began highway patrol duties in 2008. He testified that he was on routine patrol duty on September 9, 2013, when he noticed a black Chevrolet Impala traveling in the opposite lane of Interstate 20, where he was patrolling. Based on his observation of the Impala, Trooper Grier concluded it was travelling at a rate of speed in excess of the posted speed limit of 70 miles per hour. The radar gun in his car indicated the Impala was travel at a speed of 85 miles per hour.

Trooper Grier crossed over the median to pursue the Impala. Once behind it, he turned on his emergency lights to conduct the stop. The Impala moved onto the shoulder of the road and Trooper Grier approached it. He confirmed that the car was driven by Defendant. The dashboard camera recorded that, when Trooper Grier first spoke to Defendant, Trooper Grier said that he had detected Defendant's speed at a rate of 85 miles per hour, 15 miles per hour over the posted speed limit.

The record presents undisputed and convincing evidence that Defendant was detected by Trooper Grier speeding while traveling on Interstate 20, and, based on this speeding violation, Trooper Grier had probable cause to conduct the traffic

stop of Defendant and his vehicle.[4]  Defendant's objection to the Magistrate Judge's findings and recommendations based on a claimed lack of probable cause to conduct the traffic stop is overruled.

B.     Second Motion to Dismiss

"In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation."  U.S. Const. amend. VI; United States v. Stefan, 784 F.2d 1093 (11th Cir. 1986).

Rule 7(c)(1) of the Federal Rules of Criminal Procedure, in pertinent part, specifically provides:  "The indictment . . . must be a plain, concise, definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  The Eleventh Circuit has stated that an indictment is legally sufficient so long as it "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir. 2009); see also United States v. Fern, 155 F.3d 1318 (11th Cir. 1998).  The test is "whether [the indictment]

---

[4]   Having reviewed Trooper Grier's testimony at the evidentiary hearing and having observed his conduct during the stop as captured on the dashboard camera video, the Court finds that there is nothing to discredits Trooper Grier's credibility.

conforms to minimal constitutional standards." United States v. Poirier, 645 F.2d 453, 456 (11th Cir. 2003). The sufficiency of an indictment is determined on its face. United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006).

The Indictment in this case asserts two counts. Count One alleges:

> Beginning on or about November 22, 2012, and continuing until January 9, 2013, in the Northern District of Georgia and elsewhere, the defendant, Johnathon Kelly, did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means, in and affecting interstate commerce, "R.W." knowing and in reckless disregard of the fact that "R.W." had not attained the age of 18 years and would be caused to engage in a commercial sex act, all in violation of title 18, United States Code, Sections 1591(a) and (b)(2).

Count Two alleges:

> Beginning on or about November 22, 2012, and continuing until January 9, 2013, in the Northern District of Georgia and elsewhere, the defendant, Johnathon Kelly, did knowingly transport "R.W.," an individual who had not attained the age of 18 years, in interstate commerce, with the intent that such individual engage in prostitution, all in violation of 18, United States Code, Section 2423(a).

The Court concludes that these charges plainly put the Defendant on notice of the conduct with which he is charged. The Magistrate Judge found that each count tracks and recites the elements of the offense, puts Defendant on notice that the conduct concerns one and the same minor child during the same time period—specifically, November 22, 2012, through January 9, 2013—and that the counts, as alleged, enable him to rely on a judgment rendered on either to serve as a bar

against double jeopardy for any subsequent prosecution.  See Jordan, 582 F.3d at 1245.  Defendant's objection to the Magistrate Judge's findings and recommendations based on a claimed insufficiency of the Indictment is overruled.

## IV.   CONCLUSION

Accordingly, and for the reasons stated above following the Court's *de novo* review of Defendants' Objections, and finding no plain error in the findings and recommendations to which Defendant did not object,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Report and Recommendation [56] is **ADOPTED** and Defendant Johnathon Kelly's Objections [59] are **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence [28] and First and Second Motions to Dismiss the Indictment [18, 25] are **DENIED.**

**SO ORDERED** this 21st day of March, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE