IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNATHON KELLY, | : | CIVIL ACTION NO. |
| BOP Reg # 64587-019, | : | 1:17-CV-995-WSD-JSA |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:13-CR-108-WSD-JSA-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
| Respondent. | : | 28 U.S.C. § 2255 |

**MAGISTRATE JUDGE'S ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Movant, a federal prisoner, has filed a 28 U.S.C. § 2255 motion to vacate the 132-month sentence he received in this Court on September 16, 2014. (Doc. 87). **IT IS RECOMMENDED** that the motion be **DISMISSED** as time-barred.

**I.   Procedural History**

On March 26, 2013, a Northern District of Georgia grand jury returned a two-count indictment against Movant, the second count charging him with "knowingly transport[ing] 'R.W.,' an individual who had not attained the age of 18 years, in interstate commerce, with the intent that such individual engage in prostitution, all in violation of Title 18, United States Code, Section 2423(a)." (Doc. 1). On June 30, 2014 Movant pled guilty to count two only (Doc. 78), and on September 16, 2014 the Court sentenced him to 132 months' imprisonment, to be followed by a 20-year term

of supervised release (Doc. 86). On March 15, 2017, two and one-half years later, Movant signed and submitted his § 2255 motion. (Doc. 87 at 9).

## II. The § 2255 Motion

Movant raises the following claims in his § 2255 motion:

1. ineffective assistance of counsel for (a) failing to file a notice of appeal; (b) "improperly advising [Movant] against pursuing a fair evidence hearing" on his motion to suppress; (c) "unethically advis[ing Movant] that the internet advertisements found [on his cell phone] would be construed as a clear sign of intent for illegal sex acts"; and (d) "recommend[ing] to the PSR [Pre-Sentence Report] investigator to not discuss [Movant's] drug history despite knowing [he] has a long history of drug related crimes" (Doc. 87-1 at 4-6);

2. the undersigned violated Movant's constitutional rights by (a) "not allow[ing him] to challenge the credibility of the accuser" at the suppression hearing, when the undersigned "unethically did not allow the defense to make an argument on that issue during the proceeding only to assert in his recommendation after the fact that the defense had an opportunity to make an argument where he clearly on record denied the defense the right to do so"; (b) downplaying the accuser's evasiveness and lack of "devotion to the truth," as revealed in a videotaped encounter between her and a state trooper, which the undersigned incorrectly described in his Report and Recommendation ("R&R") as inaudible; (c) making "another erroneous reference to the same issue" in the R&R with respect to the suppression hearing examination of the trooper about the nature of his initial contact with the accuser; (d) "abus[ing] his discretion in using Illinois v. Gates as authority to suggest that probable cause existed to seek warrants based on the totality of circumstances set forth in the supporting affidavit," when "the Totality of the circumstances were never reviewed in [their] entirety"; and (e) failing to scrutinize the accuser where "Favorable evidence show[ed her] to be false" (*id.* at 7-12);

3. "Prosecutorial Misconduct occurred as a result of the prosecutors allowing

information in their case file that they knew to be untrue to be used in . . . the PSR. This further detoured [sic] the petitioner from feeling like he had the right to a fair trial . . . ." (*id.* at 12-13);

4. the search of his vehicle was illegal because the affidavits supporting the search warrant contained either deliberately false statements or statements made with reckless disregard for the truth (*id.* at 13-16).

Movant argues that his § 2255 motion is not untimely because after sentencing he told plea counsel that he "wanted to appeal because [he] did not feel like [his] constitutional right to a fair trial was enforced," and he asked if counsel would be assisting him on appeal. (Doc. 87 at 8). Plea counsel said no and told Movant that after he filed the notice of appeal, the Government would appoint appellate counsel for him. (*Id.*). Movant then stopped contacting plea counsel and waited to hear from appellate counsel, but when he heard nothing from counsel or the courts, he inquired of the Clerk of Court, who informed him that he had no appeal pending. (*Id.*).

### III. The Parties' Time-Bar Arguments

#### A. The Government's Response

The government summarizes its response as follow:

1. the § 2255 motion is untimely, there is no basis for equitable tolling and *only if* the Court decides that equitable tolling is appropriate should it hold a limited evidentiary hearing on the issue of whether trial counsel was ineffective for not filing a notice of appeal;

3

2.     by signing a valid appeal waiver and acknowledging to the Court that he understood its meaning, Movant has waived all of his claims except his first claim alleging that counsel was ineffective for failing to file a notice of appeal;

3.     Movant's waived claims also fail on the merits, and in addition his claims of prosecutorial misconduct and judicial error are procedurally barred because he did not raise them on direct appeal and he has failed to show either cause and prejudice for failing to do so or his actual innocence to lift the procedural bar.

(Doc. 95 at 3-4).

Regarding equitable tolling, the government notes that Movant does not provide proof of his alleged communication with the Clerk, the date of that communication or the date when he learned of counsel's failure to file a notice of appeal. (*Id.* at 16). The government argues that Movant's allegations are "wholly insufficient" to meet his burden to show that "he was prevented from learning earlier about the status of any appeal through the exercise of due diligence" (*id.*), and that Movant also has failed to demonstrate extraordinary circumstances to warrant equitable tolling (*id.* at 17-19 (quoting *United States v. Arcoren*, 633 F. Supp. 2d 752, 761 (D.S.D. 2009), to the effect that "[e]ven assuming, *arguendo*, that Arcoren communicated with but did not receive any response from counsel and that he did not know whether his case had been appealed, a diligent person, similarly circumstanced, would have reasonably discovered that an appeal had not been filed well before 18 months after his conviction

4

had become final" (citing *Diaz-Diaz v. United States*, 297 Fed. Appx. 574, 576 (8th Cir. 2008), for the Eighth Circuit's "conclu[sion] that a § 2255 movant who had requested, but did not receive, copies of pleadings and transcripts for over nine months, but made no further attempts to obtain these materials until shortly before the statute of limitations expired, then filed his motion one month after the statute had run, failed to establish 'diligent pursuit' of his rights and was not entitled to equitable tolling"))).

### B. Movant's Reply

Movant replies that he is entitled to equitable tolling because (1) his counsel promised to file a notice of appeal and failed to do so; (2) his § 2255 motion "makes substantial claims that prejudicial constitutional violations by eight Government officials [have] caused the conviction of an actually innocent citizen"; and (3) his motion also specifies the four occasions when he was not permitted to "present evidence of the accuser being unreliable and [of] his actual innocence and was denied his constitutional right to present the evidence." (Doc. 101 at 9). He claims that he "and the Clerk's Office both hold a rec[ei]pt of the certified letter [he sent] on February 7, 2017, Inquiring about the status of his appeal and the contact information for the appellate counsel assigned to the appeal." (*Id.*). And he claims that he "diligently filed" his § 2255 motion on March 15, 2017, after learning that no appeal had been

5

filed. (*Id.* at 9-10).

In response to the government's argument that there are no extraordinary circumstances justifying equitable tolling, Movant argues that his

> motion presents the most extraordinary circumstances of the Justice system failing to provide a citizen of the United States an equal protection of the Law in violation of the fourteenth amendment, and by denying due process of law preventing a citizen of the United States from presenting a complete defense in violation of the fifth and fourteenth amendment.
>
> . . . [and] includes constitutional errors by eight government officials sufficient to show that a fundamental miscarriage of justice will result if the claims of the motion are not addressed on the merits.

(*Id.* at 10, 11).

**IV.   <u>Movant's § 2255 Motion Is Time-Barred.</u>**

A 28 U.S.C. § 2255 motion is governed by a one-year statute of limitations, which runs from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

6

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Absent one of the circumstances set forth in subparagraphs two through four above — and there is no indication that any such circumstance exists here — the limitations period begins to run when a § 2255 movant's judgment of conviction becomes final. Movant was sentenced on September 16, 2014, and his conviction became final under § 2255(f)(1) on September 30, 2014, at the close of the 14-day direct appeal window. *See* Fed. R. App. P. 4(b)(1)(A). Movant thus had until September 30, 2015, to file a timely § 2255 motion, and he failed to do so. Unless equitable tolling applies or Movant is actually innocent of his crime of conviction, his § 2255 motion is time-barred.

### A.     Equitable Tolling

The Supreme Court has held that the applicable limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Court has noted, however, "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," although

7

"[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 649, 653 (citation and internal quotations omitted); *see Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly. . . . [It] is available only when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (internal quotations omitted)). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308. "To establish diligence, . . . [he] must present evidence showing reasonable efforts to timely file his action." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004).

Movant's arguments regarding equitable tolling are unavailing. By his own admission, he waited until February 7, 2017, more than 28 months after his conviction became final on September 30, 2014, to inquire into the status of his appeal. (*See* Doc. 101 at 9). That is not reasonable diligence. *See Crain v. Dir. Tex. Dep't Crim. Justice-Corr. Insts. Div.*, 6:11cv214, 2011 U.S. Dist. LEXIS 153648, at \*10-11 (E.D. Tex. Oct. 19, 2011) ("Crain has failed to meet his burden of proving entitlement to equitable tolling. The Fifth Circuit has explained that equitable tolling is not intended for those who sleep on their rights. This comports with the Supreme Court's holding that

8

'reasonable diligence' is required for entitlement to equitable tolling. *Holland*, 130 S. Ct. at 2562. In this case, the record shows that Crain pleaded guilty in August of 2009 and then waited until February of 2011, some 18 months later, in which to file his first challenge to his conviction through the state habeas corpus process. This lapse of time does not bespeak 'reasonable diligence.' Crain has failed to show that he is entitled to equitable tolling, and so his federal habeas corpus petition is barred by the statute of limitations." (citation and internal quotations omitted)), *adopted by* 2012 U.S. Dist. LEXIS 25388 (E.D. Tex. Feb. 27, 2012); *see also Robinson v. Davenport*, 2:15cv462-MHT, 2017 U.S. Dist. LEXIS 80429, at *6, 9-10 (M.D. Ala. May 24) (rejecting "Robinson['s argument that] he is entitled to equitable tolling because his trial counsel [] assured him immediately after the sentencing hearing that he would file a direct appeal on his behalf but then failed to do so"; noting that the lack of a direct appeal "was a matter of public record" and that "[i]t is obvious from the face of the § 2254 petition and the record that a duly diligent person in Robinson's circumstances could have unearthed that information any time after the 42-day deadline for filing the appeal passed"; and "conclud[ing] that Robinson's failure to exercise reasonable diligence in learning that no direct appeal had been filed, and his failure to act diligently after he learned this fact, broke any alleged link between counsel's inaction and Robinson's

9

late filing and defeats his eligibility for equitable tolling"), *adopted by* 2017 U.S. Dist. LEXIS 100948 (M.D. Ala. June 29, 2017).

In addition, it appears that Movant has misconstrued the meaning of the extraordinary circumstances required for equitable tolling. Movant has not alleged any circumstance that prevented him from timely filing his § 2255 motion, but rather alleges only that his criminal proceedings involved the "extraordinary circumstance" that he was deprived of his constitutional rights. *See Holland*, 560 U.S. at 649 ("a petitioner is entitled to equitable tolling only if he shows . . . that *some extraordinary circumstance stood in his way and prevented timely filing*" (emphasis added)). But alleged errors in Movant's criminal proceedings, which of course preceded the running of the one-year § 2255 limitations period, are not extraordinary circumstances preventing him from filing a timely § 2255 motion. In short, Movant has shown neither reasonable diligence nor extraordinary circumstances to warrant equitable tolling.

### B.  Actual Innocence

Even if the limitations period has expired, however, "actual innocence, if proved, serves as a gateway through which a petitioner may pass," although "[t]he gateway should open only when a petition presents 'evidence of innocence so strong

10

that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1936 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). "To be credible," a "claim that constitutional error has caused the conviction of an innocent person" must be supported "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. To prevail on such a claim, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327; *see Bousley v. United States*, 523 U.S. 614, 623 (1998) (applying *Schlup* standard in guilty plea context: "Petitioner's [procedurally barred] claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent" — if, that is, he can "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" (internal quotations omitted)).

Movant has not presented any "new reliable evidence" that might support a claim of actual innocence. His § 2255 motion, signed and submitted on March 15,

11

2017, although due no later than September 30, 2015, is untimely by more than 17 months.[1]

## V.     Certificate Of Appealability

A federal prisoner must obtain a certificate of appealability (COA) before appealing the denial of a motion to vacate.  28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B).  A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).  A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)).

When the district court denies a habeas petition on procedural grounds

---

[1] Because Movant's § 2255 motion is clearly untimely, the undersigned does not address the government's remaining arguments, but will do so if the District Judge declines to adopt this Report and Recommendation.

12

> without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (internal quotations omitted) (citing *Slack*, 529 U.S. at 484).

Although *Slack* involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying *Slack* standard in § 2255 case). Because jurists of reason would agree, and not find it debatable, that Movant's § 2255 motion is untimely and that neither equitable tolling nor Movant's actual innocence allows review of the merits of his § 2255 claims, a certificate of appealability is not warranted here.

## VI. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's § 2255 motion to vacate his sentence (Doc. 87) be **DISMISSED as time-barred**; that his motion for an evidentiary hearing (Doc. 103) be **DENIED**; and that he be **DENIED** a certificate of appealability.

Movant's motion for leave to file a reply brief (Doc. 100) is **GRANTED** *nunc*

13

*pro tunc*.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED and RECOMMENDED** this 27th day of November, 2017.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)