**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JOHNATHON KELLY, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. §2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:13-CR-108-ELR-JSA |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL ACTION NO. |
| | : | 1:20-CV-1831-ELR-JSA |

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Movant Johnathon Kelly filed the instant §2255 motion to vacate his sentence on April 13, 2020,[1] and claims that he is actually innocent of the crimes for which he was convicted and sentenced. (Doc. 123). This Court has no jurisdiction over the instant §2255 motion.

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's §2255 motion is deemed filed on the date the prisoner delivers the motion to prison authorities for mailing." *Houser v. United States*, __ F. App'x __, 2020 WL 1817801, at *2 (11th Cir. Apr. 10, 2020). Absent evidence to the contrary, the Court presumes the prisoner delivered his pleading to prison officials on the day it was signed. *Id.* (quoting *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014)).

I.      Procedural History

On June 30, 2014, Movant entered a negotiated guilty plea in the Northern District of Georgia to transporting a minor in interstate commerce for prostitution. (Doc. 78).[2] On September 12, 2014, former U.S. District Judge William S. Duffey, Jr. sentenced Movant to 132 months of imprisonment to be followed by twenty years of supervised release. (Doc. 86).

Movant signed and submitted a §2255 motion to vacate his sentence two and a half years later on March 15, 2017. (Doc. 87). The undersigned entered a report and recommendation ("R&R") on November 27, 2017, and recommended that the §2255 motion be dismissed as untimely. (Doc. 105). On August 10, 2018, Judge Duffey adopted the R&R over Movant's objections [Doc. 108]. (Doc. 113). Movant applied for a certificate of appealability ("COA") with the Eleventh Circuit [Doc. 115], which found that this Court correctly determined that Movant's §2255 motion was untimely and denied a COA on January 24, 2019. (Doc. 122). Movant executed the instant §2255 motion on April 13, 2020, and argues that he is asserting "a credible claim of actual innocence to invoke the equitable exception to the procedural bar of successive or abusive petitions." (Doc. 123 at 1).

---

[2]     Movant also had been indicted on one count of sex trafficking, which was dismissed as part of the negotiated plea. (Docs. 1, 78-1, 91).

II.     Discussion

Movant asks this Court to invoke "the equitable exception" to the procedural bar, that is, the "actual innocence standard of review" to his claims. (Doc. 1 at 1). This Court, however, is without jurisdiction to consider Movant's "actual innocence" argument.

Indeed, "[i]n the interests of finality, the law generally bars prisoners from filing second or successive §2255 motions, except when 'certified as provided in section 2244[b)(3)(A)] *by a panel of the appropriate court of appeals* to contain' ... 'newly discovered evidence' of actual innocence[.]'" *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1339 (11th Cir. 2013) (emphasis added) (quoting 28 U.S.C. §2255(h)). Put another way, before filing a second or successive §2255 motion to vacate, "a prisoner must first obtain authorization from [the Eleventh Circuit], which requires a showing . . . of newly discovered evidence of actual innocence." *United States v. Means*, 787 F. App'x 999, 1001 (11th Cir. 2019). Without such authorization, this Court lacks jurisdiction to consider it. *Means*, 787 F. App'x at 1001; *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

The instant §2255 motion is second or successive, notwithstanding that Movant's first §2255 motion was dismissed as untimely. *See, e.g., Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (rejecting the movant's

argument that a petition is not successive when the initial §2255 motion was denied as untimely and not on the merits); *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010) (holding §2255 motion was successive after first motion was dismissed as untimely).  And Movant has not sought permission from the Eleventh Circuit to file a second or successive §2255 motion.  Consequently, this Court lacks jurisdiction.  *See Carter*, 405 F. App'x at 410 ("The district court dismissed Carter's first motion to vacate as untimely, that dismissal constituted a dismissal with prejudice, and Carter has not sought permission from the court to file a successive motion.  Without authorization, the district court lacked jurisdiction to consider it.") (quotation marks and citations omitted); *Holt*, 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") (citations omitted); *accord Farris*, 333 F.3d at 1216.

To the degree that Movant argues that his actual innocence should allow him to proceed on a second or successive §2255 motion, Movant's only recourse is to seek authorization from the Eleventh Circuit based on that alleged actual innocence.  Because Movant has not received any such authorization, this Court has no subject matter jurisdiction and this action must be dismissed.

4

III.   Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the instant motion to vacate [Doc. 123] be **DISMISSED**.

IV.   Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing §2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)."    28 U.S.C. §2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the §2255 motion.  *See id.*  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325).   In other

words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant has not obtained permission from the Eleventh Circuit to file another §2255 motion, and as a result this Court has no jurisdiction. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

Movant's motion for an extension of pages [Doc. 124] is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND ORDERED** this 29th day of April, 2020.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE