IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHNATHON KELLY,<br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | CRIMINAL ACTION NO.<br>1:13-CR-108-ELR<br><br>CIVIL ACTION NO.<br>1:20-CV-1831-ELR |

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R), [Doc. 125], recommending that the pending 28 U.S.C. § 2255 motion to vacate, [Doc. 123], be denied. Movant has filed his objections in response to the R&R, [Doc. 127], as well as a motion to amend his § 2255 motion, [Doc. 128].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need

not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

As recounted by the Magistrate Judge, on June 30, 2014, Movant entered a negotiated guilty plea in this Court to transporting a minor in interstate commerce for prostitution, and on September 12, 2014, this Court sentenced Movant to 132 months of imprisonment to be followed by twenty years of supervised release. He did not appeal. On March 15, 2017, Movant filed a § 2255 motion that was denied as untimely, and the Eleventh Circuit affirmed that dismissal.

Because he has already sought § 2255 relief, the pending motion is successive, and the Magistrate Judge correctly points out that this Court lacks jurisdiction to review it because Movant has failed to obtain preauthorization from the Eleventh Circuit. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). As such, the motion must be denied.

In his objections, Movant contends that he is actually innocent and has text messages from the minor whom he trafficked to prove it. Movant also states that he raised his actual innocence claim in his first § 2255 motion, and contends that this Court should have, but did not, hold a hearing regarding his actual innocence claim. He thus argues that he was not given a full and fair hearing with respect to his first § 2255 motion, and the current § 2255 motion is therefore not successive under

AO 72A
(Rev.8/82)

Magwood v. Patterson, 561 U.S. 320, 335 (2010) ("[T]he phrase 'second or successive' would not apply to a claim that the petitioner did not have a full and fair opportunity to raise previously."). However, Movant did raise his claim previously; this Court rejected that claim, and the Eleventh Circuit affirmed.

In response to Movant's argument that this Court should have held a hearing on his claim of actual innocence, this Court first acknowledges that a viable claim of actual innocence can toll the operation of the § 2255 statute of limitations. However, in order for that to happen, the movant must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." McQuiggin v. Perkins, 569 U.S. 383, 401 (2013) (quotation and citation omitted). In rejecting Movant's claim of actual innocence, this Court found that Movant had failed to present *any* "'new reliable evidence' that might support a claim of actual innocence." [Doc. 105 at 11]. As such, there was clearly no requirement to hold a hearing. Accordingly, it is clear that Movant had a full and fair opportunity to litigate his claim in his first § 2255 motion, and the now-pending motion is successive.

Moreover, if Petitioner has compelling evidence of his innocence, he can present that to the Eleventh Circuit in a motion to file a second or successive § 2255 motion. This Court notes, however, that if he has text messages that prove his

AO 72A
(Rev.8/82)

innocence, he should provide copies of those messages to the Eleventh Circuit along with his motion.

Finally, this Court has reviewed Movant's proposed amended § 2255 motion and concludes that a series of plans for social services organizations and religious organizations, as well as Movant's movie script, do nothing to demonstrate that he is entitled to § 2255 relief.

Having reviewed the record in light of Movant's objections, this Court concludes that the Magistrate Judge is correct. Accordingly, the R&R, [Doc. 125], is hereby **ADOPTED** as the order of this Court, and the § 2255 motion, [Doc. 123] is **DENIED**. Movant's motion to amend his § 2255 motion, [Doc. 128], is **DENIED** as futile.

This Court further agrees with the Magistrate Judge that Movant has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

The Clerk is **DIRECTED** to close civil action number 1:20-CV-1831-ELR.

**IT IS SO ORDERED**, this 25th day of June, 2020.

_____
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)